# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE CORNELIUS WILLIAMS,<br><br>Defendant. | Case No. CR14-0061<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of June, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, F. David Eastman.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 4, 2014, Defendant Willie Cornelius Williams was charged by Indictment (docket number 6) with conspiracy to distribute a controlled substance (Count 1) and three counts of distribution of a controlled substance (Counts 7, 8, and 10). At the arraignment on June 5, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 4, 2014.

The Government did not offer any evidence at the time of trial, electing instead to rely on the information contained in the pretrial services report. Defendant is 37 years old. He was born and raised in Chicago and lived there until age 23, when he moved to Milwaukee, Wisconsin. Defendant lived in Milwaukee for about four years and moved to Cedar Rapids, Iowa, in about 2006. All of Defendant's family members continue to

reside in Chicago. Prior to his arrest, Defendant was living with his girlfriend in Cedar Rapids and would return there if released.

Defendant has never been married, but has five children with five women. All of the children live with their respective mothers in Chicago. Defendant worked with a temporary employment agency for about three months during the spring of 2013, but reported no other significant work history. He is financially supported by his girlfriend, who apparently works two jobs. Defendant has no current physical health issues and denied any history of mental health problems. Defendant told the pretrial services officer that he rarely uses marijuana and last used it about six weeks ago.

Defendant has an extensive prior criminal record, starting with two years of probation following conviction of possession of a controlled substance. In 1994, at age 17, Defendant was sentenced to four years in prison for the manufacture or delivery of cocaine analog. He served about five months and was released in August 1995. While on parole, Defendant was charged with criminal trespass to state land (twice) and criminal trespass to a vehicle. Two of the charges resulted in a bond forfeiture, with the third charge stricken from the docket with leave to reinstate. Defendant was discharged from parole in September 1997. In 1998, Defendant was charged with operating a gambling device, disorderly conduct, and drinking alcohol on the public way. The first two charges resulted in bond forfeiture, with the disposition of the third charge unknown.

In 1999, Defendant was charged with the manufacture or delivery of a controlled substance. While the drug charge was pending, Defendant was charged with mob action, possession of cannabis, disorderly conduct, and criminal trespass to land. Three of the charges resulted in bond forfeiture, with the disposition of the fourth case unknown. In March 2000, Defendant was sentenced on the drug charge to three years in prison. He was paroled in March 2001.

While on parole on the drug charge, Defendant was charged and later convicted of endangering the life or health of a child. Defendant was later charged with criminal damage to government property, resulting in a bond forfeiture. Defendant was discharged from parole in March 2003.

Since that time, Defendant has been charged with soliciting unlawful business (three times), possession of cannabis, criminal trespass to land (three times), mob action, drinking alcohol on the public way, driving while suspended (four times), domestic battery, possession of a controlled substance, public intoxication, driving while barred, disorderly conduct, providing false identification information, possession of alcohol in a park, and operating a motor vehicle while intoxicated. Defendant failed to appear for sentencing on the OWI charge and a warrant was issued for his arrest on April 25, 2014. Defendant was apparently arrested on the state charge at the same time that he was arrested on the instant federal charge. Defendant also has an active warrant outstanding for his arrest in Illinois on a domestic battery charge.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

3

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance and three counts of distribution of a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending trial. While Defendant has some ties to the Cedar Rapids area, his extended family and five children all live in Chicago. Defendant is not employed. Defendant has gone to prison twice on drug charges. Defendant has committed numerous offenses while under supervision or while cases are pending. Defendant has an active warrant for his arrest in Illinois, and had an active Iowa arrest warrant when he was arrested on the instant federal charge. The Court has no confidence that Defendant would comply with any conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 5, 2014) to the filing of this Ruling (June 10, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of June, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA